UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

JOSE ARTILES, ET AL.,

                Plaintiffs,

                                    ORDER

    - against -

                                    CV 11-1132 (CBA)(MDG)

V. GAROFALO CARTING, INC., ET AL.,

                Defendants.

- - - - - - - - - - - - - - - - - - - -X

    Plaintiffs bring this action pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. as a putative collective action alleging that defendants have failed to pay them and other similarly situated employees overtime compensation, as required by the FLSA. By letter filed on September 26, 2011 (ct. doc. 26), defendants object to the late filing of plaintiffs' motion for leave to serve a notice of an FLSA action (ct. doc. 23).

    Since a motion for leave to serve a notice of an FLSA action may result in increasing the number of party plaintiffs, I analyze the defendants' motion and plaintiffs' response under the standards for late amendment of pleadings that the Second Circuit discussed in Parker v. Columbia Pictures, 204 F.3d 326 (2d Cir. 2000). In Parker, the Court examined the interplay between Rule 15(a) "with Rule 16(b)'s requirement that scheduling orders 'shall not be modified except upon a showing of good cause.'" Parker, 204 F.3d at 339 (quoting Fed. R. Civ. P. 16(b)). Although courts may deny leave to amend where the tardy moving

party has failed to establish "good cause", the "good cause" standard does not automatically apply in every case. See id. at 340. While a trial court has the discretion to deny a late application for failing to meet the "good cause" requirement under Rule 16(b), id., the court also has "broad discretion" to consider other relevant factors, including whether allowing the amendment of the pleading at the a particular stage of the litigation will prejudice defendants. Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 244-45 (2d Cir. 2007).

At the initial conference on June 17, 2011, this Court discussed the plaintiffs' contemplated motion for leave to serve a notice of an FLSA collective action and required that the motion be served by July 27, 2011 should the parties not agree on a proposed notice. This Court did not set any other deadlines, except for serving initial disclosures, since disposition of the motion regarding an FLSA notice may affect the scope of discovery.

Plaintiffs' counsel admit they did not file their motion until September 21, 2011 because of office oversight. Such inattentiveness falls considerably short of establishing good cause for an extension under Rule 16(b). See Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009) (good cause turns on diligence). Nonetheless, this Court exercises discretion to permit late filing of the motion for collective action since defendants have not been prejudiced. See Kassner, 496 F.3d. at

244-45.  Because this case is in its early stages, defendants have not expended significant resources in discovery nor can they claim surprise by the substance of the motion.  See Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 284 (2d Cir. 2000).

For the foregoing reasons, this Court denies the defendants' application to strike plaintiffs' motion for leave to serve an FLSA notice.  Defendants must serve their response to the motion by November 8, 2011 and plaintiffs' reply, if any, is due November 15, 2011.

The defendants have also requested that this action be transferred to the Central Islip courthouse, based on the parties acknowledgment at the initial conference that all claims arise in Nassau or Suffolk County.  With the agreement of Chief Judge Amon to whom this action is assigned, this Court will arrange for redesignation of this action as a "Long Island case" and this action shall be reassigned to a district judge and magistrate judge sitting in the Central Islip courthouse.

**SO ORDERED.**

Dated:     Brooklyn, New York
           October 20, 2011

_/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE